UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND A. FORSMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>PORT OF SEATTLE,<br><br>        Defendant. | CASE NO. C21-867RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

    This matter comes before the Court on a Motion to Dismiss under Rule 12(b)(6) brought by Defendant Port of Seattle. Dkt. #10. Plaintiff Forsman opposes with a series of letters and exhibits. *See* Dkts. #11, #11-1, #12 and #13. Neither party has requested oral argument, and in any event the Court finds it can rule without it.

    In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met

when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Defendant Port of Seattle argues:

> Plaintiff's current Amended Complaint (Dkt. 3) is approximately the eighth separate complaint he has filed against the Port of Seattle and its employees/attorneys across the course of three separate lawsuits in this Court. The current Amended Complaint addresses the same facts, and makes the same allegations, as all of the prior complaints, each of which have been dismissed with prejudice. Because Plaintiff's claims have already been adjudicated by this Court, and because the Amended Complaint fails to provide a factual or legal basis for liability, the Port of Seattle respectfully requests it be dismissed with prejudice under FRCP 12(b)(6).

Dkt. #10 at 1. Defendant directs the Court's attention to Case No. 2:19-cv-02050-RSL, where Plaintiff's claims were dismissed with prejudice, and Case No. 2:20-cv-01266-RSL, where Plaintiff's claims were also dismissed with prejudice. *Id*. at 2–3. Defendant argues that the claims in the instant case are the same claims as those that were previously dismissed with prejudice in these two prior cases. *Id*. at 4–7.

Plaintiffs' responsive filings cite to the rulings and decisions of Judges Lasnik and Peterson in the above cases. *See, e.g.,* Dkt. #11-1 at 2 ("Many tenants had encouraged me to file a complaint which I finally did in 19-cv-02050 but now was thrown out of court by a magistrate Peterson and a federal Judge Lasnik.").

Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

59 L.Ed.2d 210 (1979)). Disallowed claims include both those that were raised and those that "could have been raised in the prior action." W. *Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013) (citing *Glickman*, 123 F.3d at 1192). A dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is considered a "final judgment on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142 (9th Cir.1999).

The Court has reviewed the pleadings in this case and that of Plaintiff's prior cases mentioned above. Plaintiff brings suit against the same Defendant, Port of Seattle, and raises the same factual and legal issues as in C19-2050-RSL. Although Plaintiff now cites different sources of law, the Court agrees with Defendant that these claims are barred by *res judicata* because they were raised or could have been raised in the prior dismissed action. Taken together, the rulings of Magistrate Judge Peterson and Judge Lasnik in C19-2050-RSL constitute a dismissal of the claims on the merits.

Even if these claims were not barred by *res judicata*, the Court finds that the Amended Complaint fails to set forth a claim under the Fourteenth Amendment or False Claims Act for the reasons set forth by Defendant. *See* Dkt. #10 at 7–8. Accordingly, this Complaint is properly dismissed under Rule 12(b)(6). The history of this Plaintiff's filings indicates that further amendment would be futile and that these claims are properly dismissed with prejudice.

Having reviewed the relevant briefing, pleadings, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss, Dkt. #10, is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. This case is CLOSED.

DATED this 30th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4